IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ERNESTO RUIZ-ROMERO,<br><br>**Plaintiff**,<br><br>v.<br><br>HOTEL ALOFT PONCE, *et al.*,<br><br>**Defendants**. | Civil No. 22-1526 (FAB) |

**MEMORANDUM AND ORDER**

BESOSA, Senior District Judge.

Before the Court is plaintiff Ernesto Ruiz-Romero ("plaintiff")'s motion for attorneys' fees. (Docket No. 112.) For the following reasons, plaintiff's motion is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff is awarded a total of $10,650.00 in attorneys' fees.

I.  **Background**

Plaintiff sued defendants Hotel Aloft Ponce, JJ Security Corp., and A.L. Sports Events Corp. (collectively, "defendants") for violating his rights as an employee under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, Puerto Rico Law 44, Puerto Rico Laws Ann. tit. 1, § 501 *et seq.*, Puerto Rico Law 80, Puerto Rico Laws Ann. tit. 29, § 185a *et seq.*, and Puerto Rico Law 115, Puerto Rico Laws Ann. tit. 29, § 194 *et seq*. See Docket No. 1; Docket No. 64. The defendants failed to respond to the complaint and default was entered against each of them. (Docket

No. 73.)  The Court held a jury trial on May 20, 2025, and the jury awarded plaintiff a total of $1,167,572.00 in damages.  See Docket No. 96.  After judgment was entered, plaintiff sought attorneys' fees.  See Docket No. 107.  The Court allocated his damages to his Title VII claim and requested briefing on calculating a reasonable attorney fee using the lodestar method. See Docket No. 111.  Plaintiff complied on December 29, 2025.  See Docket No. 112.  Defendants did not oppose plaintiff's request for attorneys' fees.

**II.  Legal Standard**

Federal Rule of Civil Procedure 54 "allows a prevailing party to move for attorneys' fees after the entry of judgment." Cheng v. Neumann, 106 F.4th 19, 23 (1st Cir. 2024).  "The default rule in American litigation is that all litigants must pay their own fees." Fontanillas-López v. Bauzá-Cartagena, 832 F.3d 50, 59 (1st Cir. 2016).  Title VII provides an exception; it allows a court to award "the prevailing party . . . a reasonable attorney's fee[.]" 42 U.S.C. § 2000e-5(k).  "[T]he method of choice for calculating fee awards" in Title VII cases is the lodestar method. Pérez-Sosa v. Garland, 22 F.4th 312, 321 (1st Cir. 2022).  Pursuant to the lodestar method, "the number of hours reasonably expended on the litigation [are] multiplied by a reasonable hourly rate." Efron v. Mora Dev. Corp., 44 F.4th 72, 76 (1st Cir. 2022).  "The court

Civil No. 22-1526 (FAB)                                                  3

may then elect to adjust the lodestar amount, either upward or downward, if the specific circumstances of the case warrant such an adjustment." Pérez-Sosa, 22 F.4th at 321.

The Court determines the number of hours reasonably expended by looking at the attorney's billing records for the case. See P.R. Soccer League NFP, Corp. v. Federación Puertorriqueña de Fútbol, Civil No. 23-1203 (RAM), 2025 U.S. Dist. LEXIS 188130, at *6 (D.P.R. Sept. 23, 2025) (Arias, C.J.) ("[A]ttorneys should submit a full and precise accounting of their time, including specific information about number of hours, dates, and the nature of the work performed.")  Hours that are "excessive, redundant, or otherwise unnecessary" are excluded. Pérez-Sosa, 22 F.4th at 321. "Time records that are too generic and insufficient as a practical matter to permit a court to answer questions about excessiveness, redundancy, and the like[,] should be discounted or disallowed[.]" García-Colón v. Corp. of the State Ins. Fund, Civil No. 21-1211 (RAM), 2024 U.S. Dist. LEXIS 201549, at *8 (D.P.R. Nov. 4, 2024) (Arias, C.J.) (citing Pérez-Sosa, 22 F.4th at 330) (internal quotation marks omitted).

"District courts have wide discretion in selecting fair and reasonable hourly rates for attorney time." Pérez-Sosa, 22 F.4th at 326.  A reasonable hourly rate is "often benchmarked to the prevailing rates in the community for lawyers of like

Civil No. 22-1526 (FAB)                                                     4

qualifications, experience, and competence." Id. at 321. "A court may assign different rates to time spent in-court and out-of-court, with in-court time carrying a higher hourly rate than out-of-court time." García-Colón, 2024 U.S. Dist. LEXIS 201549, at *14. An attorney's rate increases over time as he or she gains experience. See Bd. of Trs. V. ILA Local 1740, AFL-CIO, Civ. No. 18-1598 (SCC), 2022 U.S. Dist. LEXIS 179791, at *11 (D.P.R. Sept. 30, 2022) (Carreño, J.) The hourly rate may also be adjusted upward or downward to account for whether the issues in the case were straightforward or complex. See Pérez-Sosa, 22 F.4th at 325 ("[T]he reasonable hourly rate in any given case will vary depending on the nature of the work[.]") (internal quotation marks omitted).

**III. Discussion**

Plaintiff requests a total attorney fee award of $19,062.50. Attorney Enrique J. Mendoza-Méndez ("Mendoza-Méndez") claimed 8.0 hours for in-court work and 33.2 hours for out-of-court work. (Docket No. 112-4 at p. 2.) He requests a rate of $350 per hour for in-court work and $325 per hour for out-of-court work, for a total fee of $13,590.00. Id. Attorney Enrique J. Mendoza-Sánchez ("Mendoza-Sánchez") claimed 8.0 hours for in-court work and 4.5 hours for out-of-court work. Id. at p. 3. He requests a rate of $250 per hour for in-court work and $225 per hour for out-of-court

Civil No. 22-1526 (FAB)                                                5

work, for a total fee of $3,012.50. Id. Attorney Gilberto J. Oliveras-Maldonado ("Oliveras-Maldonado") claimed 8.0 hours for in-court work and 3.7 hours for out-of-court work. Id. at p. 4. He requests a rate of $215 per hour for in-court work and $200 per hour for out-of-court work, for a total fee of $2,460.00. Id.

Because plaintiff is clearly the prevailing party in this case and his request for attorneys' fees is unopposed, the Court moves on to determine an appropriate attorney fee award.

**A. Number of Hours Reasonably Expended**

The Court will adjust the hours claimed by plaintiff's attorneys pursuant to the table below. Each entry listed will be credited with the number of hours displayed in the "Court's Adjusted Hours" column. Any entry not listed in the table will be credited in full.

| Date | Timekeeper | Description | Hours Claimed | Court's Adjusted Hours |
|---|---|---|---|---|
| 4/10/2024 | Mendoza-Méndez | Preparation and filing of FRCP 55(b)(2) notices and supporting exhibits (Dkt. 66) | 1.3 | 0.2 |
| 4/30/2024 | Mendoza-Méndez | Drafting and filing of motion Submitting Plaintiff's motion and memorandum of law on pending matters be deemed as submitted unopposed and that default jury trial be scheduled (Dkt. 70) | 0.8 | 0.4 |
| 6/28/2024 | Mendoza-Méndez | Preparation and filing of FRCP 55(b)(2) notices and supporting exhibits (Dkt. 82) | 0.3 | 0.2 |
| 11/20/2024 | Mendoza-Méndez | Preparation and filing of FRCP 55(b)(2) notices and supporting exhibits (Dkt. 86) | 0.3 | 0.2 |

Civil No. 22-1526 (FAB)                                                   6

| Date | Timekeeper | Description | Hours Claimed | Court's Adjusted Hours |
|---|---|---|---|---|
| 4/16/2025 | Mendoza-Méndez | Preparation and filing of FRCP 55(b)(2) notices and supporting exhibits (Dkt. 89) | 0.3 | 0.2 |
| 5/15/2025 | Mendoza-Méndez | Informative Motion regarding Evidence with Exhibit (Dkt. 93) | 0.9 | 0.4 |
| 5/19/2025 | Mendoza-Sánchez | Preparation for Trial | 3.0 | 1.5 |
| 5/20/2025 | Mendoza-Sánchez | Jury Trial | 8.0 | 0.0 |
| 5/19/2025 | Oliveras-Maldonado | Review of full docket; and notice of appearance | 1.2 | 0.0 |
| 5/19/2025 | Oliveras-Maldonado | Preparation for Trial | 2.5 | 0.0 |
| 5/20/2025 | Oliveras-Maldonado | Jury Trial | 8.0 | 0.0 |

The Court finds that Mendoza-Méndez's claimed hours are largely reasonable, but a few entries are excessive. His FRCP 55(b)(2) notices and exhibits are straightforward, two-page documents involving minimal drafting, and discounts the time credited for these activities to 0.2 hours each. See Docket Nos. 66, 82, 86, 89. The motion requesting for plaintiff's memorandum of law to be deemed unopposed was just over one page long and required minimal analysis. See Docket No. 70. The Court reduces this entry by 50%, from 0.8 hours to 0.4 hours. And the informative motion regarding evidence, two pages in total, simply noted that plaintiff would rely only on testimonial evidence at trial and that he would be the only testifying witness. See Docket No. 93. The Court reduces this entry from 0.9 hours to 0.4 hours. Accordingly, Mendoza-Méndez's hours out of court will be reduced to 30.9 hours in total.

Civil No. 22-1526 (FAB)                                                                 7

As for Mendoza-Sánchez, he did not speak at all during the trial apart from stating his name.  His claimed 8.0 hours for in-court work will not be credited.  He also claimed 3.0 hours for "preparation for trial."  This entry is too generic and vague for the Court to assess whether the time spent was redundant.  Also, because the case was unopposed and he did not speak at all during the trial, claiming 3.0 hours is excessive.  Accordingly, Mendoza-Sánchez's "preparation for trial" entry will be reduced to 1.5 hours.

The Court finds that attorney Oliveras-Maldonado's hours should not be included in the fee award.  Oliveras-Maldonado did not file anything on the docket or say anything during the trial, apart from stating his name.  Because the case was unopposed, having a third attorney assigned to it was excessive and redundant.  Accordingly, Oliveras-Maldonado's 8.0 hours for in-court work and 3.7 hours for out-of-court work will not be credited.

Below is a summary of the hours that the Court will credit in calculating plaintiff's attorney fee award:

| Attorney | Hours In Court | Hours Out of Court |
|---|---|---|
| Mendoza-Méndez | 8.0 | 30.9 |
| Mendoza-Sánchez | 0.0 | 3.0 |
| Oliveras-Maldonado | 0.0 | 0.0 |

**B.   Reasonable Hourly Rates**

Plaintiff's proposed hourly rates ($350 for in-court work, $300 for out-of-court work for Mendoza-Méndez, $225 for out-

Civil No. 22-1526 (FAB)                                                8

of-court work for Mendoza-Sánchez) are on the higher end of awarded rates in this district. See, e.g., García-Colón, 2024 U.S. Dist. LEXIS 201549, at *17-18 (awarding the lead attorney $335 per hour for in-court work and $320 per hour for out-of-court work, and a junior partner $210 per hour for in-court work and $195 per hour for out-of-court work); Carrero v. Molina Healthcare of P.R., Inc., 737 F. Supp. 3d 135, 146 (D.P.R. 2024) (Arias, C.J.) ("In the District of Puerto Rico, an approximate range of typical rates for highly experienced attorneys is $250-300, for associates $150-200, and for paralegals and law clerks $50-100"); ILA Local 1740, AFL-CIO, 2022 U.S. Dist. LEXIS 179791, at *10-11 (awarding Mendoza-Méndez $300 per hour for in-court work and $275 per hour for out-of-court work). Although both Mendoza-Méndez and Mendoza-Sánchez have extensive experience and notable credentials, the fact that this case was uncontested simplified it considerably. Accordingly, the Court adjusts the hourly rates downward as follows:

| Attorney | Hourly Rate (In Court) | Hourly Rate (Out of Court) |
|---|---|---|
| Mendoza-Méndez | $300 | $250 |
| Mendoza-Sánchez | N/A | $175 |

C.  **Computation**

Multiplying the adjusted hours by the adjusted hourly rates yields an attorney fee award of $10,125.00 for Mendoza-Méndez ($2,400.00 for in-court work, $7,725.00 for out-of-court

Civil No. 22-1526 (FAB)                                                9

work) and $525.00 for Mendoza-Sánchez (all for out-of-court work), for a total award of $10,650.00.

**IV. Conclusion**

For the above reasons, plaintiff's motion for attorneys' fees (Docket No. 112) is **GRANTED IN PART** and **DENIED IN PART**.  Plaintiff is awarded a total of $10,650.00 in attorneys' fees.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, February 4, 2026.

                                s/ Francisco A. Besosa
                                FRANCISCO A. BESOSA
                                SENIOR UNITED STATES DISTRICT JUDGE