**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

ERNESTO RUIZ-ROMERO,

  **Plaintiff,**

         **v.**                          **Civil No.** 22-1526 (FAB)

HOTEL ALOFT PONCE, *et al.*,

  **Defendants.**

**OPINION AND ORDER**

BESOSA, Senior District Judge.

Before the Court is defendant JRC Consolidated, Inc. d/b/a Aloft Ponce Hotel & Casino (the "Hotel")'s motion to set aside the default judgment (Docket No. 106) and writ of execution (Docket No. 117) pursuant to Federal Rules of Civil Procedure 55(c) and 60(b).  (Docket No. 118.)  Plaintiff Ernesto Ruiz-Romero ("plaintiff") opposes.  (Docket No. 128.)  For the following reasons, the Hotel's motion is **DENIED**.

**I.  Background**

Plaintiff sued the Hotel along with co-defendants JJ Security Corp. and A.L. Sports Events Corp. (collectively, the "defendants") alleging violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, Puerto Rico Laws Ann. tit. 1, § 501 *et seq.* ("Law 44"), Puerto Rico Laws Ann. tit. 29, § 185a *et seq.* ("Law 80"), and Puerto Rico Laws Ann. tit. 29, § 194 *et seq.* ("Law 115").  See Docket No. 1; Docket No. 64.  He claimed

Civil No. 22-1526 (FAB)                                                    2

that he used to work as a security guard for the defendants and that the defendants failed to provide a reasonable accommodation for his medical conditions, causing him to lose his job.  See Docket No. 1 at pp. 2-6.

The Hotel appointed attorney Fredeswín Pérez-Caballero to represent it.  See Docket No. 24.  Through counsel, the Hotel sought dismissal of the complaint based on late service of process. See Docket No. 26; Docket No. 36.  The Court denied the motion. (Docket No. 32; Docket No. 40.)  The Hotel and the other co-defendants subsequently missed the deadline to answer the complaint, and default was entered against each of them.  (Docket No. 45.)  The Hotel requested that the entry of default be set aside, but the Court denied the request.  See Docket No. 47; Docket No. 50.

On May 20, 2025, at plaintiff's request, the Court held a jury trial on liability and damages.  Plaintiff's case consisted solely of his own testimony; no documentary evidence was presented. See Docket No. 96 at pp. 1-2.  None of the defendants presented any evidence or testimony.  Representatives from JJ Security Corp. and A.L. Sports Events Corp. sat in the public viewing area for a portion of plaintiff's testimony but left partway through.[1]  Id.

---

[1] No attorney ever entered an appearance on behalf of JJ Security Corp. or A.L. Sports Events Corp.

Civil No. 22-1526 (FAB)                                                      3

As for the Hotel, the courtroom deputy clerk contacted attorney Pérez via telephone on the morning of the trial, and he confirmed that he would not attend.  Id. at p. 1.  The jury found for plaintiff on each of his claims, awarding him back pay of $37,128 from the Hotel, $18,564 from A.L. Sports Events Corp., and $61,880 from JJ Security Corp.  See Docket No. 104 at p. 3.  The jury also awarded him compensatory damages of $100,000 and punitive damages of $250,000 from each defendant.  Id. at pp. 3-4.  Judgment was entered on May 20, 2025, the same day as the trial.  See Docket No. 106.

On March 12, 2026, the Hotel, represented by new counsel, moved to set aside the judgment.  (Docket No. 118.)  The Hotel informed the Court that attorney Pérez failed to provide updates on the status of the case after his attempt to dismiss based on late service of process was denied.  Id. at pp. 7-8.  The Hotel only learned that it was on the hook for $387,128 when, a few days before the Hotel filed the current motion, a friend of Hotel president Joel Rodríguez-Rivera stumbled across the final judgment.  Id. at p. 2; Docket No. 122-1.  The Hotel has also filed an ethical complaint against attorney Pérez before the Puerto Rico Supreme Court.  See Docket No. 131.

The Hotel requests that the Court set aside the default judgment pursuant to Federal Rules of Civil Procedure 55(c) ("Rule

Civil No. 22-1526 (FAB)                                                        4

55(c)") and 60(b) ("Rule 60(b)").  The Hotel argues that its default was not willful – rather, after not hearing any updates from attorney Pérez, it believed that the case had been dismissed. Id. at pp. 10-12.  The Hotel also argues that it has meritorious defenses to plaintiff's claims.  First, the Hotel argues that plaintiff's service of process was inadequate because it was addressed to the wrong legal entity and not served on a person authorized to receive process.  Id. at p. 13.  Second, the Hotel argues that plaintiff was never actually an employee of the Hotel, which means it cannot be liable for employment discrimination under Title VII.  Id. at pp. 13-14.  Third, the Hotel argues that plaintiff never suffered any discrimination.  Id. at p. 14. Plaintiff responded, positing that the Hotel's reasons do not merit the extraordinary remedy of setting aside the judgment.  (Docket No. 128.)  Plaintiff argues that, as the Hotel's agent, attorney Pérez's negligent management of the case should be imputed to the Hotel.  Id. at pp. 2-3.  Plaintiff also argues that service of process was adequate and that the Hotel does not dispute having actual notice or show how it was prejudiced.  Id. at pp. 7-17.  As for whether plaintiff was an employee of the Hotel, he argues that the Hotel was responsible for enough of his employment conditions that it may be considered a joint employer even if he was technically employed by the other codefendants.  Id. at pp. 5-7.

## II.  Legal Standard

Rule 55(c) provides that "[t]he court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)."  Fed. R. Civ. P. 55(c).  Rule 60(b) allows the Court to relieve a party from a final judgment for a list of enumerated reasons, including "mistake, inadvertence, surprise, or excusable neglect."  Fed. R. Civ. P. 60(b)(1).  "[R]elief under Rule 60(b) is extraordinary in nature and [] motions invoking that rule should be granted sparingly."  Karak v. Bursaw Oil Corp., 288 F.3d 15, 19 (1st Cir. 2002).  "[A] party who seeks recourse under Rule 60(b) must persuade the trial court, at a bare minimum, that his motion is timely; that exceptional circumstances exist, favoring extraordinary relief; that if the judgment is set aside, he has the right stuff to mount a potentially meritorious claim or defense; and that no unfair prejudice will accrue to the opposing parties should the motion be granted."  Id.  The exceptional circumstances inquiry "is an equitable one, and the critical factor is the reason for the movant's neglect and whether it excuses the neglect."  J&J Sports Prods. v. Luu, No. 14-cv-14336, 2016 U.S. Dist. LEXIS 136269, at *5 (D. Mass. Sept. 30, 2016) (citing Nansamba v. N. Shore Med. Ctr., Inc., 727 F.3d 33, 38-39 (1st Cir. 2013)).  When the judgment in question is a default judgment, the court must also "balance

Civil No. 22-1526 (FAB)                                              6

the importance of finality in litigation against the desirability

of deciding cases on the merits." Id. (quoting Ungar v. Palestine

Liberation Org., 599 F.3d 79, 83 (1st Cir. 2010)) (internal

quotation marks omitted). "Although the First Circuit Court of

Appeals has taken a somewhat 'harsher tack' than other circuits,

[] district courts nonetheless have wide discretion in deciding

Rule 60(b) motions[.]" Id. (quoting Dávila-Álvarez v. Escuela de

Medicina Universidad Central del Caribe, 257 F.3d 58, 64 (1st Cir.

2001)).

### III. Discussion

#### A.    Personal Jurisdiction & Service of Process

The Court will first address the Hotel's argument that

it was not adequately served with process. Because the Court's

personal jurisdiction over the Hotel depends on adequate service

of process, the Court must vacate the judgment if the Hotel's

argument has merit. See Omni Capital Int'l v. Rudolf Wolff & Co.,

484 U.S. 97, 104 (1987) ("Before a federal court may exercise

personal jurisdiction over a defendant, the procedural requirement

of service of summons must be satisfied.")[2]

---

[2] The Hotel previously unsuccessfully argued that service of process was improper, see Docket Nos. 26, 36, 47, but the arguments they raise this time around are new. Because the Court finds that the arguments lack merit, there is no need to address plaintiff's assertion that the Hotel waived these arguments by failing to raise them in its original motion to dismiss.

Civil No. 22-1526 (FAB)                                                    7

"In the federal courts, service of process is governed by Rule 4 of the Federal Rules of Civil Procedure." Vázquez-Robles v. CommoLoCo, Inc., 757 F.3d 1, 4 (1st Cir. 2014). Rule 4(h)(1) allows service of process against a corporation to be achieved "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and — if the agent is one authorized by statute and the statute so requires — by also mailing a copy of each to the defendant[.]" Fed. R. Civ. P. 4(h)(1)(B). Service of process may also be achieved by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1); see Fed. R. Civ. P. 4(h)(1)(A). Puerto Rico law is roughly similar, though apparently broader, than the federal rule for service of process on corporations, stating that service of process:

> [S]hall be made by delivering a copy personally to any officer or director of the corporation in the Commonwealth, or the registered agent of the corporation in the Commonwealth, or by leaving it at the dwelling house or usual place of abode in the Commonwealth of any officer, director or registered agent (if the registered agent be an individual), or at the registered office or other place of business of the corporation in the Commonwealth.

> P.R. Laws Ann. tit. 14, § 3781(a).

Civil No. 22-1526 (FAB)                                                    8

In this case, the United States marshals served process on Ms. Maritza Rodríguez, who is the human resources manager at the Hotel.  See Docket No. 118-1 at p. 2.  Shortly afterward, she gave the summons and complaint to Joel Rodríguez, the Hotel president, who then solicited the services of attorney Pérez to defend the Hotel in the case.  Id.  The name on the service of process was "Hotel Aloft Ponce" rather than the corporate entity name, JRC Consolidated, Inc., or Aloft Ponce Hotel & Casino, which is the name under which the Hotel does business.  See Docket No. 23; Docket No. 30.[3]  The Hotel argues that service of process was improper because (1) Maritza Rodríguez is not an officer or authorized agent to receive process, and (2) the entity name on the service of process form was incorrect.

The Court disagrees with the Hotel.  The service of process form states that it was delivered to Ms. Rodríguez at the address "Ponce By Pass [sic] #2 Street, Santiago de los Caballeros Avenue, Ponce PR 00780."  See Docket No. 23.  Although the Hotel disputes that this is its actual address, it appears to point to the intersection of the Ponce Bypass (also known as PR-2) and Santiago de los Caballeros Avenue (also known as PR-12), which is

---

[3] It appears from the record that the U.S. marshals served process on the Hotel twice, once on March 21, 2023, and a second time on May 10, 2023.

in fact where the Hotel is located.  Plaintiff provided evidence to the Court that the Hotel has used the address listed on the process form in promotional materials, social media accounts, and travel websites.  See Docket Nos. 140-4, 140-5, 140-6, 140-7, 140-8.  The Hotel concedes that Ms. Rodríguez did in fact receive the service of process, and she did so at the "place of business of the corporation in the Commonwealth."  P.R. Laws Ann. tit. 14, § 3781.  It is hard to imagine how she would have received the summons if the process server went to the completely wrong address.  Indeed, the postal services Form 3811, Domestic Return Receipt, shows delivery at 1925 Ponce By Pass, Ponce, PR 00917-5555, the address the Hotel has indicated as its correct address.  See Docket Nos. 135 at pp. 3-4, 135-1, and 143-1.  Plaintiff also argues, and the Court considers it plausible, that Ms. Rodríguez may be considered an officer for service of process purposes due to her role as human resources manager for the Hotel.  Regardless, service of process was proper because it was delivered at the Hotel's place of business.

As for the apparently incorrect entity name on the process form, "the root purpose underlying service of process is to ensure that a defendant receives fair notice of the suit and adequate opportunity to protect [its] interests."  Libertad v. Welch, 53 F.3d 428, 440 (1st Cir. 1995).  "When an alleged defect

Civil No. 22-1526 (FAB)                                                    10

in service is due to a minor, technical error, only actual prejudice to the defendant or evidence of a flagrant disregard of the requirements of the rules justifies dismissal." Id. The Hotel does not suggest that it did not have adequate notice or was prejudiced by either the manner of service or the entity name appearing on the process form. There is only one Aloft Hotel in Ponce and the Hotel correctly understood that it was being sued. Mr. Rodríguez hired an attorney without delay – attorney Pérez made an appearance in the case seven days after process was served. See Docket No. 23; Docket No. 24. Accordingly, the Court rejects the Hotel's contention that service of process was inadequate and will proceed to address the rest of its arguments for setting aside the judgment.

### B.    Rule 60(b) Motion

To warrant setting aside the default judgment, the Hotel must show that (1) the motion is timely, (2) setting aside judgment would not unfairly prejudice the plaintiff, (3) the Hotel has meritorious defenses that could have been raised, and (4) exceptional circumstances justify this exceptional form of relief. See Karak, 288 F.3d at 19. The Court finds that the first three requirements are satisfied, but that the Hotel fails to show exceptional circumstances for relief.

Civil No. 22-1526 (FAB)                                                11

The first two requirements are clearly met.  A Rule 60(b) motion is timely if it is filed within one year of entry of the final judgment.  See Fed. R. Civ. P. 60(c)(1).  Judgment was entered in this case on May 20, 2025 and the Hotel's motion was filed on March 12, 2026.  See Docket No. 106; Docket No. 118.  As for the lack of prejudice to the plaintiff, relatively little evidence was provided at the default trial; merely plaintiff's own testimony was heard.  There is no indication that any evidence or witness testimony was lost in the time between the judgment and the Hotel's motion.  Accordingly, the Court finds that plaintiff would not be prejudiced if the judgment were set aside.

Next, the Hotel argues that it has meritorious defenses that could have been raised against plaintiff's claims.  The Hotel's first argument is that it was not plaintiff's employer and therefore not subject to liability under Title VII.  Plaintiff counters that even if the hotel was not technically his employer, it may be considered a joint employer along with the co-defendants. See Rivas v. Fed. de Asociaciones Pecuarias, 929 F.2d 814, 819-21 (1st Cir. 1991) (outlining when a defendant may be deemed a joint employer based on "whether an entity exercised sufficient control" over the employee).  The Hotel also argues that plaintiff was never discriminated against for his medical condition.

Civil No. 22-1526 (FAB)                                                    12

The Court finds that the Hotel presents cognizable meritorious defenses.  Although plaintiff may ultimately be able to show that the Hotel controlled enough of his employment conditions to be classified as an employer under Title VII, this is far from a foregone conclusion given the sparsity of the factual record.  Simply holding plaintiff to his burden of proof may constitute a meritorious defense.  See Tamaki v. Tamaki, No. 2:23-cv-00312-LEW, 2024 U.S. Dist. LEXIS 139919, at *10 (D. Me. Aug. 2, 2024) (recognizing the possibility of "mount[ing] a potentially meritorious defense by holding the Plaintiff to her burden of proof").  Similarly, the Hotel may have a meritorious defense in holding plaintiff to his burden of proof on discrimination.  Given the paucity of evidence presented at the trial, it is very possible that the Hotel may have prevailed by challenging plaintiff's version of events and whether it satisfies the necessary elements of employment discrimination.  Accordingly, the Court finds that the Hotel may have had meritorious defenses to plaintiff's claims.[4]

---

[4] Because these two meritorious defenses exist, the Court need not address the Hotel's argument that plaintiff's failure to provide evidence of his EEOC right to sue letter in his complaint could have been a meritorious defense.  It appears that plaintiff did in fact receive such a letter, see Docket No. 141-12.  In any case, complying with this administrative process is a claim-processing rule rather than a jurisdictional requirement, and a defendant can forfeit it by failing to raise it as a defense.  See Fort Bend Cty. v. Davis, 587 U.S. 541, 548-52 (2019).

Civil No. 22-1526 (FAB)                                              13

This leaves whether the Hotel has shown exceptional circumstances which justify setting aside the judgment.  The Hotel argues that setting aside the default judgment is warranted because its failure to litigate was not willful.  Rather, it was attorney Pérez's negligence and lack of communication that caused the default, and had the Hotel known about what was happening, it would have presented its meritorious defenses and would never have been subject to the adverse judgment.

"[I]t is settled beyond hope of contradiction that the neglect of an attorney acting within the scope of his or her authority is attributable to the client." Rivera-Velázquez v. Hartford Steam Boiler Inspection & Ins. Co., 750 F.3d 1, 6 (1st Cir. 2014) (quoting Nansamba, 727 F.3d at 38) (internal quotation marks omitted)).  The Hotel argues that its neglect was nonetheless excusable because attorney Pérez's silence was fairly understood to mean that the case was dismissed without incident.  For what it is worth, this point is supported by the fact that plaintiff files many meritless cases that get dismissed quickly, including against the Hotel.  Indeed in 2024, two years after this case was filed, plaintiff was deemed a vexatious litigant and is barred from filing additional complaints in this court.  See Ruiz-Romero v. Indus. Comm'n of P.R., Inc., Civ. No. 24-01385 (MAJ), 2024 U.S. Dist.

Civil No. 22-1526 (FAB)                                                      14

LEXIS 172876, at *2-6 (D.P.R. Sept. 23, 2024) (Antongiorgi-Jordán, J.) (designating plaintiff as a vexatious litigant).

The Court, however, is not convinced that the Hotel has shown its reasons for failing to litigate this case constitute excusable neglect.  The Hotel's effort to present itself as not having willfully defaulted is, at best, only partially convincing. Although the Hotel had been sued by the plaintiff in the past, this was the very first case litigated by attorney Pérez on behalf of the Hotel.  See Docket No. 131-1 at p. 5.  Prior to the default, the Hotel was communicating with Pérez and keeping abreast of the case, even going so far as reminding Pérez about the deadline to file an answer to the complaint.  Id.  After May 2023, however, the Hotel inexplicably stopped communicating with Pérez, despite never receiving assurance that the complaint had been answered or the case dismissed.  And although the Hotel claims to have been completely ignorant of the entry of default prior to filing the current motion, it did in fact receive a copy of the application for default via mail.  See Docket No. 141-1 at p. 1; Docket No. 141-2.  Even if this was missed, the Hotel's failure to check in with its attorney for almost two years was "neglect on steroids."  Nansamba, 727 F.3d at 38.  Had the situation been different, and had the Hotel been completely blindsided by attorney Pérez's negligence, its neglect may have been excusable, but its

Civil No. 22-1526 (FAB)                                                  15

position is much less persuasive given it was also negligent in keeping abreast of the case.

The Court acknowledges, as discussed above, that the Hotel may have meritorious defenses to plaintiff's claims, which heightens the interest in hearing the case on the merits.  When evaluating a Rule 60(b) motion, however, the chief focus is not on the theoretical merits of the movant's un-raised arguments, but on its reasons for neglecting to raise them.  See Nansamba, 727 F.3d at 39 ("Within the constellation of relevant factors, the most important is the reason for the particular oversight.")  And the Hotel did not simply make one oversight, but left its entire defense in the hands of an attorney who had never before litigated on its behalf and, after not hearing from him for months, never bothered to request an update.  Ultimately, the Court is not convinced that the Hotel's explanation of its neglect is sufficiently persuasive to merit the extraordinary relief requested, even considering the relative desirability of trying cases on the merits.

**IV.  Conclusion**

For the reasons stated above, the Hotel's motion to set aside default judgment is **DENIED**.  (Docket No. 118.)

Civil No. 22-1526 (FAB)                                                    16

**IT IS SO ORDERED.**

San Juan, Puerto Rico, April 10, 2026.

                                        s/ Francisco A. Besosa
                                        FRANCISCO A. BESOSA
                                        SENIOR UNITED STATES DISTRICT JUDGE